

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,779-01

### EX PARTE ROYCE GENE SWIM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR15428-A IN THE 271ST DISTRICT COURT
### FROM WISE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty-five years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent. Specifically, the Applicant has included a sworn affidavit from the complainant recanting her accusations in this case. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002). We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to

relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the trial or the investigation.

It appears that Applicant is not represented by habeas counsel. The trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to the credibility of the complaining witness' recantation. The court shall make further findings of fact regarding the circumstances surrounding the complainant's recantation, including the delay between Applicant's plea and the recantation. The trial court shall make findings as to whether Applicant could have presented the information contained in the recanting witness' affidavit prior to his guilty plea. The trial court shall specifically weigh the evidence of Applicant's guilt, including all of the testimony at trial, against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is entitled to relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: September 17, 2014
Do not publish